IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES LOUIS GREENE,

                Plaintiff,          Case No. 3:11 CV 1333

  -vs-

COMMISSIONER OF                       MEMORANDUM OPINION
SOCIAL SECURITY,                         AND ORDER

                Defendant.

KATZ, J.

Plaintiff has filed a petition for attorney's fees under the Equal Access to Justice Act (EAJA) (Doc. No. 19) as to which the Commissioner has filed a response. After a review of the issues before the Court, Plaintiff's motion will be granted in part and denied in part.

In the instant case, this Court reversed the Commissioner's decision and remanded the claim for further proceedings. Therefore, Plaintiff was "the prevailing party" in the matter before this Court. There does not seem to be an objection to this conclusion from the Commissioner. That leaves the sole issue before the Court whether to award fees at all, and if an award is made, the amount thereof.

While the EAJA expressly limits fees and other expenses to those which are reasonable, it provides that "attorney's fees shall not be awarded in excess of $125 an hour unless the Court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(A). The cases involving this issue, to say the very least, are "all over the map". The Commissioner relies on multiple cases in urging the Court to reject the hourly rate urged by the Plaintiff, that is, $179.51 for the 19 hours involved as contrasted to the statutory fee of $125 per

hour. The Sixth Circuit cases decided do in fact indicate that the statutory rate is a ceiling and not a floor unless there is proof that the statutory hourly rate is insufficient under the circumstances. *Chipman v. Sec'y of Health & Human Servs.,* 781 F.2d 545, 547 (6th Cir. 1986); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In *Brown* the Sixth Circuit held that the District Court did not abuse its discretion in limiting fees to the statutory cap when the plaintiff's arguments were premised solely on the cost of living index and the rate of inflation. That case, in the main, has been followed by several courts in the Northern District of Ohio and elsewhere. Also cited is a Seventh Circuit case in which Judge Posner cited *Bryant* in holding that a party seeking to use inflation to justify a higher hourly rate "still must show that (inflation) actually justifies a higher fee;". *Matthew-Sheets v. Astrue,* 653 F.3d 560, 563 (7th Cir. 2011). In two cases in this district within the last year, Judges Gaughan and Gwinn have opted to follow the line of cases relied upon by the Commissioner, including *Bryant*. *See Taylor v. Astrue*, No. 1:12-cv-293 2012 WL 546989, *1 (N.D. Ohio November 8, 2012) and *Keyes v. Astrue,* No. 1:11-cv-0312, 2012 WL 2498892 (N.D. Ohio June 27, 2012). However, in a case earlier in 2012 Magistrate Judge Vecchiarelli opted to award fees based upon the cost of living increase since adoption of the $125 per hour rate in 1996. *Woods v. Astrue,* No. 1:10-cv-1714 2012 WL 529820, *5 (N. D. Ohio February 17, 2012). Judge Vecchiarelli was aided in reaching that decision by the Commissioner; Plaintiff had requested attorney's fees in the amount of $2,441.34 which represented 13.6 hours of services at a rate of $179.51 per hour, the same rate as is sought here. The Commissioner did not challenge the number of hours rendered or the value of additional expenses. The Commissioner challenged the COLA increase on the basis that the "Midwest" CPI rather than the "US City Average" CPI should be used. That resulted in an hourly rate of $171.38 per hour for a total

award of $2,330.77, a "massive" difference of $110.57! There is a dispute among courts as to which CPI should be utilized. Because the difference is insignificant in the case now before the Court, that matter will not be debated and the Court will use the CPI utilized by the Plaintiff in this case.

In the cases cited and relied upon by the Commissioner, many of which are attached as exhibits to the response to the application of the Plaintiff, those courts seem to adopt the approach generally as taken by Judge Posner of the Seventh Circuit. That is, an award in excess of $125 per hour should not be made by the Court unless the attorney seeking such an adjustment shows, for instance, that inflation has increased the cost of providing adequate legal services to persons seeking relief against the government. This Court disagrees with that position. It appears to be axiomatic that increases in the cost of living results in increase in the cost of providing services and the buying power of the dollars earned by the attorney providing those services. It is not just the cost which is involved but the buying power, else why would many businesses and government agencies annually increase compensation of employees based upon increases in the cost of living indices? Should a court be burdened by requiring an attorney to demonstrate increased costs of paper, staples, employee compensation, etc. before justifying an award in excess of $125 per hour, which excess would be justified by the cost of living index increase? This Court does not believe such should be required because it is a given that costs, especially in the intervening period of over 16 years since the $125 an hour rate was established, have increased and the consumer price index is just a reflection of that.

Because this Court has the authority to recognize the increase in cost of living as a factor in creating a reasonable hourly rate for attorneys' compensation, it will do so. As a result of the

3

concession of the Commissioner in *Woods*, and the use of the rate of $171.38 per hour, this Court will utilize the rate of $172 per hour for the 19 hours involved in this case and award Plaintiff the sum of $3,268.

    IT IS SO ORDERED.

                                                               s/ *David A. Katz*
                                                               DAVID A. KATZ
                                                               U. S. DISTRICT JUDGE